UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:26-CV-00050-GNS

THOMAS BOLDEN PLAINTIFF

v.

JAGDEEPAK SINGH et al. DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (DN 5). The motion is ripe for adjudication. For the reasons outlined below, the motion is **DENIED**.

## I. STATEMENT OF FACTS AND CLAIMS

This action arises from an alleged vehicle collision in a truck stop parking lot. (Compl. ¶¶ 5, 8, DN 1-1). Plaintiff Thomas Bolden ("Bolden") alleges that he was parked in a parking space when Defendant Jagdeepak Singh ("Singh")[1], who was working on behalf of Defendant B-Town Carrier ("B-Town"), backed a semi tractor trailer into Bolden's vehicle, causing Bolden physical injuries. (Compl. ¶¶ 5-9, 19).

Bolden filed a lawsuit against Singh and B-Town (collectively, "Defendants") in Hart Circuit Court (Kentucky), asserting two claims: negligence against Singh; and vicarious liability against B-Town.[2] (Compl. ¶¶ 10-17). After Defendants removed the case to this Court, they moved to dismiss both causes of action for failure to state a claim. (Notice Removal, DN 1; Defs.' Mot. Dismiss 1, DN 5).

[1] While the caption of the Complaint spells Singh's surname as "Sigh," the pleading otherwise reflects his surname as "Singh."
[2] While the Complaint purports to assert a separate claim for damages, such a claim is not a cause of action and is not addressed in the pending motion.

## II. JURISDICTION

This Court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). Plaintiff is a citizen of a State, Defendants are citizens of a foreign state, and the amount in controversy exceeds the sum of $75,000.00. (Notice Removal ¶¶ 5-7, 12).

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 555).

## IV. DISCUSSION

### A. Count I – Negligence

In Kentucky, "[a] common law negligence claim requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imps., Inc.*, 381 S.W.3d 209, 213 (Ky. 2012) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003)); *see also James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir. 2002) ("In order to establish an actionable tort under Kentucky law, the plaintiff must establish that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty of care, and that the defendant's breach was the proximate cause of the plaintiff's damages." (emphasis omitted)). The determination of whether a duty exists is a question of law for the court, breach and injury are questions of fact for the jury, and legal causation is a mixed question of law and fact. *Pathways*, 113 S.W.3d at 89. In determining duty, "Kentucky case law has generally held that foreseeability . . . is '[t]he most important factor in determining whether a duty exists[.]'" *Shelton v. Ky. Easter Seals Soc., Inc.*, 413 S.W.3d 901, 908 (Ky. 2013) (alteration in original) (quoting *Pathways*, 113 S.W.3d at 89). "[E]very person owes a duty to every other person to exercise ordinary care in his activities to prevent *foreseeable* injury." *Id.* (emphasis added) (citation omitted).

Defendants contend that Count I of the Complaint lacks sufficient factual detail to plausibly state negligence by Singh, and that it "consists of only two conclusory phrases: 'misjudging clearance' and 'inattention.'" (Defs.' Mot. Dismiss 1, 5). They argue that *foreseeability* is key to determining whether a duty was owed, and thus whether any breach of duty could have occurred. (Defs.' Mot. Dismiss 4-5 (citing *Shelton*, 413 S.W.3d at 908; *James*, 300 F.3d at 690; *Ashcraft v. Peoples Liberty Bank & Tr. Co.*, 724 S.W.2d 228, 229 (Ky. App. 1986))). Defendants further claim

that Plaintiff "identifies no facts describing how Singh's maneuver was improper, what a reasonable driver would have done differently, what conditions contributed to the contact, or how Singh breached any specific duty." (Defs.' Mot. Dismiss 5). In Defendants' view, this leaves the negligence claim without "meaningful factual support" and thus "entirely speculative." (Defs.' Reply Mot. Dismiss 2, DN 11).

To the contrary, the Complaint's factual allegations include: (i) Bolden was "parked in a parking spot"; (ii) Singh was operating a semi tractor trailer and "attempting to back into a parking spot"; (iii) while backing up, Singh collided with Bolden's vehicle; (v) the collision was caused by Singh's "misjudging clearance" and "inattention"; and finally, (vi) the collision resulted in injuries to Bolden's neck, shoulder, and back. (Compl. ¶¶ 5-11, 19). In short, the Complaint alleges that Singh struck an occupied and parked vehicle while backing up a tractor trailer in a parking lot, injuring the occupant of the other vehicle.

This is not a mere "formulaic recitation of the elements" of a negligence claim, as prohibited by the federal pleading standard under *Iqbal* and *Twombly*. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). These facts—accepted as true in resolving a motion to dismiss—are sufficient to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 570). The operator of a tractor trailer owes a general duty of ordinary care to the occupants of nearby vehicles, because it is foreseeable that a lack of such care could result in a collision and injury. The facts alleged raise the claim of negligence—duty, breach, injury, and legal causation—"above the speculative level," as the federal pleading standard requires. *Twombly*, 550 U.S. at 555. Accordingly, Defendants' motion is denied with respect to Count I.

**B. Count II – Vicarious Liability**

Defendants' sole argument for dismissing Count II's vicarious liability claim is that Count II depends on the success of Count I. (Defs.' Mot. Dismiss 5-6). That is, had Count I failed to state a claim against Singh, Count II would have failed along with it against B-Town, because "if the agent did not act negligently, there can be no vicarious liability imputed to the principal." (Defs.' Mot. Dismiss 5 (quoting *Cohen v. Alliant Enters., Inc.*, 60 S.W.3d 536, 539 (Ky. 2001))). As noted above, Count I states a facially plausible negligence claim, and therefore, Defendants' motion is also denied with respect to Count II.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 5) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 4, 2026

cc: counsel of record